## MORRIS *vs*. NEEL, receiver.

M. & T. were sued on a note, signed in the firm name, whereby they promised jointly and severally to pay a certain sum of money. T. having died, and a receiver of his estate having been appointed, and having, by direction of the court, compromised the judgment obtained on the note by paying a certain amount in satisfaction of it and taking a transfer of it and the execution issued upon it, such execution was levied upon the property of M. to compel contribution from him. He filed a bill to enjoin the execution. On trial the only evidence introduced was the testimony of T. taken in the former suit, which was, in brief, as follows: That T. agreed to furnish money to buy negroes; that M. was to take charge of and sell them, and the profits were to be divided between them, after paying all expenses and 'returning the money advanced by T.; that the whole transaction had been settled up between them before suit was brought against them; that, as he understood the contract, M. was his agent and not his partner; that M. had no right to sign his name to the note, and that he was not bound in consequence of his name's being signed to it. M. had sold one of the negroes, warranting his soundness, and upon his proving unsound, the trade was rescinded and the note given for the amount the purchaser had paid:

*Held* that, under the undisputed evidence, as between M. and T., a verdict should have been rendered in favor of M. and the execution should have been perpetually enjoined. A verdict in favor of the receiver of T's estate was unwarranted by the evidence.

April 6, 1887.

Contribution. Levy and Sale. Partnership. Verdict. Before Judge BROWN. Cobb Superior Court. March Adjourned Term, 1886.

Reported in the decision.

J. O. GARTRELL; W. P. McCLATCHY; IRWIN & IRWIN; GEORGE N. LESTER, for plaintiff in error.

W. K. MOORE; W. J. WINN, for defendant.

BLANDFORD, Justice.

One Huguley brought his action upon a promissory note, signed by the firm name of Morris & Tumlin, whereby they promised jointly and severally to pay him a certain sum of money by a certain time. A verdict was rendered and judgment entered thereon in favor of Huguley against James S. Morris, and one Gray as the administrator of Lewis Tumlin, who had died after the commencement of the suit. The judgment was against them jointly and severally and also as a firm. Mr. Neel, the defendant in error, was appointed by the Circuit Court of the United States receiver of the estate of Tumlin, and by the direction of that court, compromised this judgment with Huguley and paid a certain amount in satisfaction of it, which payment was entered upon the execution, and the execution and judgment were transferred by Huguley to Neel as receiver. Neel then caused a levy of this execution to be made upon the property of Morris, as he said, for contribution. Morris thereupon filed the bill in this case on the equity side of the court, in which he alleged that the note which had been given to Huguley in the name of Morris & Tumlin, was given by him under the following circumstances: He alleges that he and Tumlin were engaged in the sale of negroes, and that the contract entered into between him and Tumlin was that Tumlin was to furnish the negroes, or to furnish the money to buy ne-

groes, and he (Morris) was to sell them; and that after all the expenses had been paid, and Tumlin had received the amount of money he had advanced or paid on the purchase of the negroes, the profits of the transaction should be equally divided between Morris and Tumlin. And he says that this note to Huguley arose in this way : that he had sold a negro belonging to Tumlin to Huguley, that the negro proved unsound and of no value, and that Huguley delivered the negro back to him and the contract of sale was rescinded, and that he signed this note which was sued on by Huguley, and upon which this judgment was rendered for the amount which Huguley had paid him for the negro, the whole of which amount had been turned over to Tumlin. And he prayed that this execution be enjoined, because Tumlin's representative had no right to levy for contribution against him.

On the trial of the case, the only testimony introduced was the testimony of Tumlin in the case of *Huguley vs. Morris & Tumlin*, which was introduced as sworn admissions of Tumlin. In this testimony he stated that he was approached by Morris, who stated to him that he, as administrator of another Morris, who died in the county of Floyd, was about to sell some negroes and would sell them for cash, and he asked Tumlin to buy them in, as they would probably go very low; that he proposed to take charge of them and sell them, the profits to be divided between them after paying all expenses of the transaction; that Tumlin agreed to this, agreeing to furnish the money to buy the negroes; and that after Morris paid back the money, the profits were to be divided between them; and furthermore, that the whole transaction had been settled up between him and Morris before the suit was brought by Huguley against him and Morris; also that, as he understood the contract, Morris was an agent of his, and not a partner; that Morris had no right to sign his name to the note, and that he was not bound in consequence of his name's being signed to it.

The jury returned a verdict in favor of Neel, the receiver, who was a defendant in that suit, and upon that, the court decreed that the execution be allowed to proceed against the property of Morris for contribution.

We think it is competent for a partnership to make a contract which will bind them as partners and also as individuals; and such was the effect of the note given to Huguley in this case, for there is no doubt that these parties were partners as to third parties. We cannot see, so far as this transaction is concerned, in the light of the evidence of Tumlin, how Morris could be liable to Tumlin as between him and Tumlin. If Morris was liable to Tumlin, he was liable upon the contract which he and Tumlin originally made; and we think that by the terms of that contract, whether it constituted them partners *inter se* or not, Morris was only liable to Tumlin to pay him what those negroes originally cost, and to divide with Tumlin and account to him for the profits which may have been made in the sale of the negroes. He was not liable for any loss which might have occurred by the death of the negroes, or their proving unsound. That property was to be furnished by Tumlin. He was to furnish the negroes, and good negroes, to be sold. And this execution in favor of Huguley grew out of the fact that one of the negroes bought by the money of Tumlin was unsound. We think, therefore, the loss must fall upon Tumlin, and not on Morris, under the terms of the contract they originally entered into. This testimony being uncontradicted, we think the verdict was unwarranted by the evidence. There was no evidence to support it; and the verdict ought to have been in favor of Morris, and not in favor of Tumlin; and the decree should have been a decree perpetually enjoining this execution. We find no errors in the rulings of the judge on the trial; they are proper enough; but we think he should have granted a new trial.

Judgment reversed.